UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOYD SCOTT,<br><br>    Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTION AND REHABILITATION, et al.,<br><br>    Defendants. | Case No.: 1:25-cv-00545-SKO<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S APPLICATION TO PROCEED** ***IN FORMA PAUPERIS***<br><br>(Doc. 2)<br><br>**14-DAY OBJECTION PERIOD**<br><br>Clerk of the Court to Assign District Judge |

Plaintiff Floyd Scott is appearing pro se in this civil rights action pursuant to 42 U.S.C. section 1983.

**I.    INTRODUCTION**

On May 8, 2025, Plaintiff filed his complaint; the following day he filed an application to proceed *in forma pauperis* (IFP). (Docs. 1 & 2.)

**II.    THREE STRIKES PROVISION OF 28 U.S.C. § 1915**

28 U.S.C. section 1915 governs IFP proceedings. The statute provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state

a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

In determining whether a case counts as a "strike," "the reviewing court looks to the dismissing court's action and the reasons underlying it…. This means that the procedural mechanism or Rule by which the dismissal is accomplished, while informative, is not dispositive." *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (citation omitted).

### III.     JUDICIAL NOTICE

The Court takes judicial notice[1] of several prior lawsuits filed by Plaintiff in California district courts and the Ninth Circuit Court of Appeals:

1. *Scott v. Lewis*, No. 3:94-cv-04355-EFL (N.D. Cal.) (dismissed for failure to state a claim on January 27, 1995)
2. *Scott v. Bradley,* No. 3:96-cv-01189-EFL (N.D. Cal.) (dismissed for failure to state a claim on April 15, 1996)
3. *Scott v. De La Cruz*, No. 2:13-cv-02928-UA-AJW (C.D. Cal.) (dismissed for failure to state a claim on May 17, 2013)
4. *Scott v. Acosta*, No. 2:16-cv-08000-JVS-AJW (C.D. Cal.) (dismissed for failure to state a claim on December 16, 2016)
5. *Scott v. Cody*, No. 19-55631 (9th Cir.) (dismissed as frivolous on September 16, 2019)
6. *Scott v. Adventist Health Bakersfield*, No. 1:22-cv-01334-KES-CDB (E.D. Cal.) (dismissed for failure to state a claim on October 22, 2024)

A dismissal for a failure to state a claim is a strike for purposes of 28 U.S.C. § 1915(g). *Moore v. Maricopa Cnty. Sheriff's Office*, 657 F.3d 890, 893-94 (9th Cir. 2011). Because Plaintiff has incurred at least three prior "strikes," and each was dismissed prior to the commencement of the current action on May 8, 2025, Plaintiff is subject to the section 1915(g) bar. Plaintiff is also precluded from proceeding IFP in this action unless, at the time he filed his complaint, he was

---

[1] The Court may take judicial notice of court records. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

1  under imminent danger of serious physical injury. *See Andrews v. Cervantes*, 493 F.3d 1047,
2  1052-53 (9th Cir. 2007).

3       **IV.**    **IMMINENT DANGER DISCUSSION**
4       *Plaintiff's Allegations*

5       The Court has conducted a review of Plaintiff's pending complaint. Plaintiff names the
6  California Department of Corrections and Rehabilitation (CDCR), as well as several officials,
7  including directors and/or secretaries and wardens, of Kern Valley State Prison (KVSP), Salinas
8  Valley State Prison (SVSP), and California State Prison-Lancaster (CSP-LAC). He alleges
9  Eighth Amendment deliberate indifference to health and safety claims, claiming the named
10 defendants failed "to fix or repair their contaminated water supply," causing Plaintiff "serious
11 medical problems" and placing him in imminent danger. He seeks "Ten Million Dollars from
12 each named Defendant at KVSP" for "not Repairing their Contaminated Water Supply" and "Five
13 Million Dollars each" from "the CDCR and the named Defendants" for "failing to Control the
14 Water Systems Located on California State Prison Property." Plaintiff also seeks an order
15 permitting him permanent single cell status.

16      Plaintiff alleges that in 2012 he began suffering from "a knot on his neck," choking, and
17 difficulty swallowing food. Several biopsies and scans were performed over a period of years. In
18 2023, Plaintiff was diagnosed with thyroid cancer resulting in surgical removal of his thyroid
19 gland. At that time, Plaintiff was housed at KVSP and learned the water supply at the institution
20 was contaminated by arsenic and other cancer-causing agents. Plaintiff asserts excessive arsenic
21 consumption causes thyroid cancer. He states he takes and will continue to take a daily
22 medication following the removal of his thyroid gland. Apparently during this same period,
23 Plaintiff developed an enlarged prostate and underwent two surgical procedures for "uncontrolled
24 urination flow." Plaintiff alleges he "is continuously monitored for Prostate Cancer" and "has
25 seen at least four different" urologists.

26      In 2017, while housed at SVSP, Plaintiff developed intestinal problems, including chronic
27 diarrhea. He was hospitalized for intestinal bleeding and underwent a colonoscopy. While housed
28 at CSP-LAC in 2019, Plaintiff was hospitalized again for intestinal bleeding and underwent an

1  emergency endoscopy and colonoscopy. Plaintiff alleges he is continuously monitored for colon
2  cancer. Plaintiff contends the water at SVSP was contaminated by rodent fecal matter and
3  contains "Per-And Polyfloroalkyl Substances (PFAS) known as FOREVER Chemicals which
4  never goes away once inside your body." Plaintiff contends the water at CSP-LAC contains
5  excessive calcium, building up as a solid that he was forced to consume.

Plaintiff further alleges that has wears a urinary leg bag with extension tubing and a male external catheter which requires him to "'Pump up his Phallus.'" He contends this presents an imminent danger because "others will look at it as something else to reach pleasure which can lead to fights or Rules Violation Reports from staff." Plaintiff also asserts that on December 31, 2024, he was removed from single cell status "so that it would be easier to transfer [him] to a Level Two Prison in total disregard" of his safety because there "could be fights" and he is a 67-year-old man with serious medical issues "who can not properly defend" himself.

Plaintiff contends he "still has Thyroid Cancer" and continues to urinate and defecate excessively because of the contaminated water at KVSP, SVSP, and CSP-LAC.

### *Analysis*

The availability of the imminent danger exception turns on the conditions a prisoner faced when the complaint was filed, not at some earlier or later time. *See Andrews*, 493 F.3d at 1053. The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat ... is real and proximate." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). Here, Plaintiff's allegations do not meet the imminent danger exception.

First, the status of Plaintiff's thyroid cancer is unclear. His complaint states his thyroid gland was removed[2] in 2023[3] and that he takes thyroid hormone replacement pills. Plaintiff does not allege that following removal of his thyroid gland the cancer spread to other his tissues,

---

[2] "Surgery is the most common treatment for thyroid cancer." A total thyroidectomy involves "[r]emoval of all but a very small part of the thyroid. Lymph nodes near the cancer may also be removed and checked under a microscope for signs of cancer." *See* https://www.cancer.gov/types/thyroid/patient/thyroid-treatment-pdq, last accessed May 12, 2025.

[3] Plaintiff contends: "Dr. Driskoll in San Diego, California, [performed] the removal of the Plaintiffs right side Thyroid which turned out to be full of Cancer so the Plaintiff had to have the left side Thyroid removed also which also had cancer in it." (Doc. 1 at 8.)

lymph nodes or blood, or that the thyroid cancer spread to other parts of his body.[4] Nor does Plaintiff allege he underwent radiation therapy that would kill any cancer cells that were not removed following surgery.[5] Thus, it appears the 2023 total thyroidectomy successfully treated Plaintiff's thyroid cancer,[6] and although he will likely be monitored for any recurrence, there has been no such recurrence. Therefore, Plaintiff alleges a past harm rather than a present genuine emergency where the threat was real and proximate at the time he filed his complaint. *Andrews*, 493 F.3d at 1053; *Lewis*, 279 F.3d at 531; *see also Clarke v. DeKalb Cnty. Sterigenics Plant Bd. of Dir. and Bd. of Comm'n*, No. 1:22-cv-4445-SCJ-JKL, 2023 WL 11915613, at *1 (N.D. Geo. Feb. 6, 2023) (where plaintiff alleged he contracted cancer in 2008 after being supplied with carcinogenic toilet paper between 1990 and 2010, stating: "Plaintiff has not alleged any acts or omissions by Defendant that place him presently in imminent danger of serious physical injury, or otherwise alleged that he is facing a total withdrawal of medical care for his cancer (to the contrary, Plaintiff alleges that his cancer requires repeated, invasive treatments). Indeed, Plaintiff's claims for compensatory and punitive damages based on Defendant's alleged failure to warn, by their nature, seek to remedy purported past harm. Consequently, Plaintiff has not shown imminent danger of serious physical injury, and this IFP action is barred under 28 U.S.C. § 1915(g) [citations omitted]")

Second, to the extent Plaintiff alleges he is being continuously monitored for colon and prostate cancer, he fails to allege any diagnoses of these cancers. Continuous monitoring does not equate to an imminent danger of serious physical injury. Rather, it demonstrates Plaintiff's medical conditions are currently being treated and constantly reevaluated. While the Court understands Plaintiff fears diagnoses of colon and prostate cancer considering his medical history,

---

[4] *See* https://www.cancer.gov/types/thyroid/patient/thyroid-treatment-pdq, last accessed May 12, 2025.

[5] *See* https://www.cancer.gov/types/thyroid/patient/thyroid-treatment-pdq, last accessed May 12, 2025.

[6] "[M]ost thyroid cancers are curable with treatment, especially if the cancer cell haven't spread to distant parts of [the] body." https://my.clevelandclinic.org/health/diseases/12210-thyroid-cancer, last accessed May 12, 2025. "Most people diagnosed with thyroid cancer have an excellent prognosis, as most thyroid cancers can be cured with treatment." https://www.mayoclinic.org/diseases-conditions/thyroid-cancer/diagnosis-treatment/drc-20354167, last accessed May 12, 2025.

1  Plaintiff's current fears equate to speculation rather than a demonstration of a present genuine
2  emergency where the threat is real and proximate. *Lewis*, 279 F.3d at 531; *Blackman v. Mjening*,
3  No. 1:16-01421-LJO-GSA-PC, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016) ("Imminent
4  danger of serious physical injury must be a real, present threat, not merely speculative or
5  hypothetical"); *see also Sykes v. Trost*, No. 16-cv-01241-SMY, 2017 WL 76969, at *3 (S.D. Ill.
6  Jan. 9, 2017) (considering prisoner's chronic conditions, including "enlarged prostate, bloody
7  stool, difficulties urinating, etc." and noting "the chronic conditions are stable and, though
8  obviously aggravating to Plaintiff, present no imminent danger of serious physical injury" and
9  that "the Complaint suggests that Plaintiff has received regular, ongoing medical treatment for
10  these conditions").
11       Finally, Plaintiff's asserts that his use of a male external catheter requires him to "'Pump
12  up his Phallus,'" and could lead to fights or rules violation reports for inappropriate sexual
13  behavior because he is no longer in a single cell and has no privacy. These assertions relate to
14  speculative or hypothetical future harm and are insufficient to establish an imminent danger of
15  serious physical injury. *See, e.g.*, *Ray v. Sullivan*, No. 1:20-cv-01699-NONE-HBK, 2021 WL
16  2229328, at *4 (E.D. Cal. June 2, 2021) (imminent danger must involve a real, present threat, not
17  merely a speculative or hypothetical one); *Cramer v. Jones*, No. 1:19-cv-000161-DAD-SKO,
18  2020 WL 402018, at *3 (E.D. Cal. Jan. 24. 2020) (finding "Plaintiff's generalized fear of
19  potential harm to be suffered in the future due to his filing of this lawsuit is insufficient to satisfy
20  section 1915(g)'s 'imminence' requirement. Plaintiff has also failed to allege a threat of imminent
21  serious physical injury beyond that which is merely speculative or hypothetical" [citation
22  omitted]; F&R adopted Mar. 30, 2020; appeal dismissed Dec. 16, 2020); *Blackman*, 2016 WL
23  5815905, at *1; *Pauline v. Mishner*, No. 09-00182 JMS/KSC, 2009 WL 1505672, at *3 (D. Haw.
24  May 28, 2009) ("Plaintiff's vague and conclusory allegations of possible future harm to himself or
25  others are insufficient to trigger the 'imminent danger of serious physical injury' exception to
26  dismissal under § 1915(g)").
27  //
28  //

6

In sum, Plaintiff fails to present a genuine emergency or threat that is real and proximate when he filed his complaint. Therefore, Plaintiff should be precluded from proceeding IFP in this action. *Andrews*, 493 F.3d at 1052-53; *Lewis*, 279 F.3d at 531.

**V.     ORDER AND RECOMMENDATION**

Based on the foregoing, the Court **DIRECTS** the Clerk of the Court to randomly assign a district judge to this action.

The Court **RECOMMENDS** that:

1. Plaintiff's application to proceed IFP (Doc. 2) be **DENIED** and Plaintiff be precluded from proceeding IFP in this action in accord with 28 U.S.C. section 1915(g); and
2. Plaintiff be ordered to pay the $405.00 filing fee in full within 30 days.

IT IS SO ORDERED.

Dated:   **May 12, 2025**                           /s/ *Sheila K. Oberto*
                                                    UNITED STATES MAGISTRATE JUDGE

7