UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FLOYD SCOTT,

Plaintiff,

v.

CALIFORNIA DEPARTMENT OF CORRECTION AND REHABILITATION, et al.,

Defendants.

Case No.: 1:25-cv-00545-KES-EGC (PC)

**ORDER DENYING PLAINTIFF'S CONSTRUED REQUEST TO TRANSFER CERTAIN CLAIMS**

(Doc. 15)

Plaintiff Floyd Scott is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. section 1983.

## I. RELEVANT BACKGROUND

The Court issued its First Screening Order on August 31, 2026. (Doc. 13.) In relevant part, it found Plaintiff raised "separate claims against different Defendants (CDCR directors or secretaries, KVSP officials, SVSP officials, and CSP-LAC officials) occurring at different times … and at different institutions …." (*Id*. at 5.) Plaintiff was advised that he "may not bring unrelated claims against unrelated parties in a single action." (*Id*. at 5-6.) The undersigned then considered only Plaintiff's claims involving KVSP officials (*id*. at 6) and determined Plaintiff had failed to state a claim upon which relief could be granted (*id*. at 6-10). Plaintiff was directed to either (1) file a first amended complaint curing the deficiencies identified by the Court; (2) file a

notice stating that he intended to stand on the complaint as screened subject to the undersigned recommending the district court dismiss the complaint for the reasons stated therein; or (3) file a notice of voluntary dismissal, within 21 days. (*Id*. at 10-11.)

On September 18, 2026, Plaintiff filed a first amended complaint (Doc. 14) and a document titled "Plaintiffs Notice of Removal of Claims to Proper District Court" (Doc. 15).

Below, the Court addresses Plaintiff's notice.[1]

**II. DISCUSSION**

Plaintiff asks the Court to "transfer the Plaintiffs claims against Salinas Valley State Prison to the U.S. District Court Northern District of California in the interest of justice so as not to be time barred."

The Court construes Plaintiff's filing to be a request to transfer certain claims and will deny it. The operative complaint in this action is Plaintiff's first amended complaint.[2] The amended complaint asserts claims against Kern Valley State Prison officials and no longer includes Plaintiff's previously asserted claims involving Salinas Valley State Prison or California State Prison — Los Angeles County officials. Therefore, there are no Salinas Valley State Prison claims before the Court that can be severed[3] and transferred to the Northern District of California.[4] Plaintiff should file a complaint asserting his claim or claims against Salinas Valley State Prison in a separate action with the Northern District of California.[5]

---

[1] Plaintiff's first amended complaint will be screened in due course. This Court is under a continuing judicial emergency. *See* https://www.caed.uscourts.gov/caednew/index.cfm/news/judicial-emergency/. Delays, while unfortunate, are inevitable.

[2] *Lacey v. Maricopa Cnty*., 693 F.3d 896, 927 (9th Cir. 2012) (an amended complaint supersedes the original complaint); *see also Lorenz v. Davis*, No. 2:23-cv-1969 AC P, 2024 WL 4225932, at *4 (E.D. Cal. Sept. 18, 2024) ("Once plaintiff files an amended complaint, any previous complaints no longer serve any function in the case").

[3] The Federal Rules of Civil Procedure provides: "Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The Court may also sever any claim against a party." *See* Fed. R. Civ. P. 21.

[4] To the extent those claims may be time barred, because Plaintiff provided few relevant dates in his original complaint relative to his multiple claims (*see* Doc. 1 at 6-12) and because the Salinas Valley State Prison claims are no longer before this Court following the filing of the operative first amended complaint, any applicable statute of limitations bar is a determination for the Northern District of California and is not an issue before this Court.

[5] *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (noting that unrelated claims against different defendants should be brought in different lawsuits, in part to prevent prisoners from circumventing filing-fee requirements and three-

## III. CONCLUSION AND ORDER

Accordingly, for the reasons stated above, the Court **HEREBY ORDERS** that:

1. Plaintiff's "Notice" filed September 18, 2026 (Doc. 15), construed as a request to transfer claims, is **DENIED**; and
2. Plaintiff's first amended complaint will be screened in due course.[6]

IT IS SO ORDERED.

Dated: **September 23, 2026**

UNITED STATES MAGISTRATE JUDGE

---

strikes rule under Prison Litigation Reform Act); *Gonzalez v. Maldonado*, No. 1:11-cv-01774-SAB (PC), 2013 WL 4816038, at *2 (E.D. Cal. Sept. 9, 2013) (same).

[6] This Court is operating under a continuing emergency. Delays, while unfortunate, are inevitable. *See* https://www.caed.uscourts.gov/caednew/index.cfm/news/judicial-emergency/.